UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CIVIL ACTION NO. 09-81101-CIV-ZLOCH/ROSENBAUM

UNITED STATES EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

        Plaintiff,

DEBRA DOMINGUEZ,

        Intervenor,

v.

CALLARO'S PRIME STEAK & SEAFOOD,
LLC,

        Defendant.

---

## INTERVENOR'S COMPLAINT AND DEMAND FOR JURY TRIAL

---

Intervenor, Debra Dominguez (hereinafter "**Dominguez**") by and through her undersigned attorneys, brings this Complaint against the Defendant Callaro's Prime Steak & Seafood LLC, a limited liability corporation organized under the laws of the State of Florida and alleges:

### INTRODUCTION

1.     Intervenor, Debra Dominguez, a former Employee of the Defendant Callaro's Prime Steak & Seafood LLC (hereinafter Callaro's), brings this action under Section 107(a) of the American's with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12117(a), which incorporates by reference Section706(f)(1) & (3) and 707 of the Title VII of the Civil Rights Act of 1964 (Title VII) as amended, 42 U.S.C. §§ 2000(e)-5(f)1 & (3 and 2000(e)-and Section 102 of the Civil Rights Act

1

of 1991, 42 U.S.C. §1981(a), and the Florida Civil Rights Act of 1992, §760.01 et seq. Florida Stat (2006) (FCRA) to redress the wrongs done to her by the Defendant's discriminatory actions and conduct and for subsequent retaliation against her after she failed to acquiesce to the Defendant's unlawful requests.

**JURISDICTION AND VENUE**

2.      This Court has original jurisdiction over the claims pursuant to 28 U.S.C. § 343(a)(4). This Court has supplemental jurisdiction over the FCRA claims.

3.      All material acts and occurrences described herein, occurred within the jurisdiction of the United States District Court of the Southern District of Florida, West Palm Beach Division.

**THE PARTIES**

4.      The Intervenor, Debra Dominguez, is a female and is a citizen of the United States and at all times material thereto this action resided in Palm Beach County, Florida.

5.      At all times material hereto, Intervenor was an "employee" within the meaning of the ADA and the FCRA.

6.      That at all relevant times, the Defendant Callaro's, was a Florida limited liability corporation doing business in the State of Florida and has continuously had at least 15 employees.

7.      That at all relevant times, Callaro's has continuously been an employer, engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5) and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000(e)(g) and (h).

8.      At all relevant times, Callaro's has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

2

9.      At all relevant times, Callaro's has been an employer within the meaning of the FCRA.

## ADMINISTRATIVE PREREQUISITES

10.     More than 30 days prior to the institution of this lawsuit, Debra Dominguez filed a Charge with the Equal Employment Opportunity Commission (EEOC), charging Callaro's with a violation of Title I of the ADA and the Florida Civil Rights Act, Chapter 760. The Charge was filed in a timely manner.

11.     That the Intervenor has exhausted all administrative remedies and satisfied all conditions precedent under the ADA and the Florida Civil Rights Act prior to filing this action

## GENERAL ALLEGATIONS

12.     Dominguez was employed by Callaro's as a server at Callaro's restaurant in Manalapan, Florida from 2003 to September 2007, when her employment was terminated. Throughout her employment with Callaro's, Dominguez worked as a server.

13.     That in the middle of July 2007, Dominguez learned that her adult son had tested positive for the HIV virus.

14.     That upon learning of Dominguez's son impairment, which, by its nature constitutes a disability as defined by the ADA and the FCRA and which substantially limits a major life activity, including but not limited to the major life activity of reproduction, Callaro's acting through manager Beth Scragg, immediately told Dominguez that she had to "report to the Board of Health" and undergo an HIV test. Scragg told Dominguez that "you're working in my restaurant and I can't take any chances". Dominguez refused Scragg's request, advising Scragg that it was her adult son who had the HIV virus and not her.

3

15.    Soon thereafter, Scragg began changing Dominguez's regular work schedule scheduling Dominguez to work on Sundays, which is the day Dominguez customarily had off so that Dominguez could spend time with her minor 10 year-old son.

16.    Beth Scragg continued to insist that Dominguez undergo an HIV test and inquired into Dominguez's medical status. Further, Scragg's husband Keith Scragg, who is the head chef at Callaro's, also advised Dominguez that she had to get tested because it was "their restaurant".

17.    Furthermore, Scragg informed Dominguez's Co-Workers that Dominguez's son had HIV and routinely asked them "what are we going to do with Debra". Additionally, after Dominguez continued to refuse to undergo an HIV test, Scragg reduced Dominguez's shifts to two to three shifts per week and ultimately in September 2007 terminated Dominguez's employment.

**COUNT I**

**VIOLATION OF THE ADA**

18.    Intervenor realleges and readopts Paragraphs 1 through 17 as set forth herein in full.

19.    Upon discovering that Intervenor's son had a disability, Callaro's subjected Intervenor to discriminatory actions and conduct.

20.    The discriminatory conduct and actions included, but were not limited to:

    A.    Defendant's corporate officers and managerial employees demanding that Intervenor take medical tests/examinations as a condition of continued employment;

    B.    Defendant's corporate officers and managerial employees making inquiries concerning the Intervenor's medical status;

    C.    Defendant's corporate officers and managerial employees reducing the

4

intervenor's working hours;

D.     Defendant's corporate officers and managerial employees scheduling Intervenor to work when she was not available; and

E.     Defendant's corporate officers and managerial employees terminating Intervenor's employment with Defendant.

21.     That Callaros discriminated against Dominguez in violation of the ADA, 42 U.S.C. § 12102(2)(c) when Callaro's took adverse employment action against Dominguez, because Callaro's regarded Dominguez as disabled. Callaro's regarded Dominguez as substantially limited in major life activities including but not limited to the major life activity of working.

22.     That Callaros discriminated against Dominguez in violation of the ADA, 42 U.S.C. § 12112(d)(4) when Callaro's took adverse employment action against Dominguez, because of Dominguez's association with her son.

23.     The allegation that Dominguez was, at all times material hereto, a qualified individual with a disability and Callaro's violated 42 U.S.C. § 12112(d)(4)(A) when Callaro's required Dominguez to take a medical examination and/or made inquiry of Dominguez which is prohibited by 42 U.S.C. § 12112(d)(4)(A).

24.     The effective practices complained of herein has been to deprive Dominguez of equal employment opportunities under the ADA and  adversely affect her status as an employee because of her disability.

25.     The unlawful employment practices committed by Callaro's as contained herein, were intentional and done with malice and/or reckless indifference to the legal rights of Intervenor.

26.     That as a direct and proximate result of Callaro's unlawful employment practices,

Dominguez has suffered lost wages and the financial security of steady employment, Dominguez has also suffered humiliation, embarrassment, emotional harm and damage to her reputation.

WHEREFORE, Intervenor Debra Dominguez respectfully requests that this honorable Court enter a Judgment against the Defendant Callaro's for the following:

A.    Compensatory damages;

B.    Back pay and benefits;

C.    An Award of front pay;

D.    Pre-judgment interest;

E.    Attorney's fees and costs;

F.    Punitive damages;

G.    Injunctive relief, and

H.    Such other relief as this Court shall be considered fair and equitable under the circumstances.

### COUNT II.  FCRA DISABILITY DISCRIMINATION

27.    Intervenor incorporates and realleges Paragraphs 1 through 6, 9 through 17 and 19 through 20, of this Complaint as if fully set forth herein.

28.    During the Intervenor's employment with Callaro's, Dominguez was subjected to the aforementioned discriminatory actions and conduct in violation of the FCRA

29.    That  Callaros discriminated against Dominguez in violation of the FCRA when Callaro's took adverse employment action against Dominguez, because Callaro's regarded Dominguez as disabled. Callaro's regarded Dominguez as substantially limited in major life activities including but not limited to the major life activity of working.

30.     That Callaros discriminated against Dominguez in violation of the ADA, 42 U.S.C § 12112(d)(4) when Callaro's took adverse employment action against Dominguez, because of Dominguez's association with her son.

31.     The allegation that Dominguez was, at all times material hereto, a qualified individual with a disability and Callaro's violated 42 U.S.C. § 12112(d)(4)(A) when Callaro's required Dominguez to take a medical examination and/or made inquiry of Dominguez which is prohibited by 42 U.S.C. § 12112(d)(4)(A).

32.     The effective practices complained of herein has been to deprive Dominguez of equal employment opportunities under the ADA and adversely affect her status as an employee because of her disability.

33.     The unlawful employment practices committed by Callaro's as contained herein, were intentional and done with malice and/or reckless indifference to the legal rights of Intervenor.

34.     That as a direct and proximate result of Callaro's unlawful employment actions, Intervenor suffered lost wages and the financial security of steady employment. Dominguez has also suffered humiliation, embarrassment, emotional harm and damage to her reputation.

WHEREFORE, Intervenor Debra Dominguez respectfully requests that this Court enter a Judgment against the Defendant Callaro's for the following:

        A.     Compensatory damages;

        B.     Back pay and benefits;

        C.     An Award of front pay;

        D.     Pre-judgment interest;

        E.     Attorney's fees and cost;.

7

F.      Punitive damages;

G.      Injunctive relief, and

H.      Such other relief as this Court shall be considered fair and equitable under the circumstances.

## COUNT III.  FCRA RETALIATION

35.     Intervenor incorporates and realleges Paragraphs 1 through 6, and 9 through 17 of this Complaint as if fully set forth herein.

36.     Intervenor refused to comply with the Defendant's unlawful repeated requests to submit to a medical exam/test.

37.     Shortly thereafter, Callaro's retaliated against Dominguez with such retaliation including but not limited to, reducing Dominguez's working hours, scheduling Dominguez for work when she was not available, and terminating Dominguez's employment.

38.     That as a direct and proximate result of Callaro's unlawful employment practices and unlawful retaliation, Dominguez has suffered lost wages and the financial security of steady employment. Dominguez has also suffered humiliation, embarrassment, emotional harm and damage to her reputation.

WHEREFORE, Intervenor Debra Dominguez respectfully requests that this honorable Court enter a Judgment against the Defendant Callaro's for the following:

A.      Compensatory damage;

B.      Back pay and benefits;

C.      An Award of front pay;

D.      Pre-judgment interest;

E.      Attorney's fees and costs;

F.      Punitive damages;

G.      Injunctive relief, and

H.      Such other relief as this Court shall be considered fair and equitable under the

circumstances.

## DEMAND FOR JURY TRIAL

Intervenor, Debra Dominguez respectfully requests a trial by jury of all issues so triable.

Respectfully submitted,

Louis P. Pfeffer (Florida Bar No.: 438707)
Louis P. Pfeffer, P.A.
250 South Central Blvd., Suite 205
Jupiter, FL 33458
Telephone: (561) 745-8011
Facsimile:  (561) 745-8019
E-mail: lpfeffer@pfefferlaw.com
Attorney for Intervenor, Deborah Dominguez

## Certificate of Service

I HEREBY CERTIFY that on November 19, 2009, I electronically filed the foregoing
document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is
being served this day on all counsel of record or pro se parties identified on the attached service list
in the manner specified, either via transmission of Notices of Electronic Filing generated by
CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to
receive electronically Notices of Electronic Filing.

Louis P. Pfeffer

## SERVICE LIST

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION v. CALLARO'S PRIME STEAK &
SEAFOOD, LLC.
Civil Action No. 09-81101 CIV-ZLOCH
United States District Court, Southern District of Florida

C. Brooks Ricca, Esquire
bricca@riccalawyers.com
C. Brooks Ricca, Jr. and Associates
444 W. Railroad Ave., Suite 420
West Palm Beach, FL 33401
Telephone: (561) 833-4544
Facsimile: (561) 833-4524
Attorneys for the Defendant
Callaro's Prime Steak & Seafood, LLC
Via transmission of Notices of Electronic Filing generated by CM/ECF

Brian Sutherland, Esquire
brian.sutherland@eeoc.gov
U.S. Equal Employment Opportunity Commission
One Biscayne Tower
2 South Biscayne Blvd., Suite 2700
Miami, FL 33131
Telephone: (305) 808-1790
Facsimile: (305) 808-1855
Attorney for the Plaintiff
Equal Employment Opportunity Commission
Via transmission of Notices of Electronic Filing generated by CM/ECF

Maria Kate Boehringer, Esquire
maria.boehringer@eeoc.gov
U.S. Equal Employment Opportunity Commission
One Biscayne Tower
2 South Biscayne Blvd., Suite 2700
Miami, FL 33131
Telephone: (305) 808-1790
Facsimile: (305) 808-1855
Attorney for the Plaintiff
Equal Employment Opportunity Commission
Via transmission of Notices of Electronic Filing generated by CM/ECF